### ARTHUR HENDERSON V. THE STATE.

#### No. 4167.  Decided December 9, 1908.

**1.—Assault to Murder—Charge of Court—Aggravated Assault.**

Where upon trial for assault with intent to commit murder, the testimony of the State was that the assault was an unprovoked assault with the intent to kill, while the testimony of the defense was that the injured party approached defendant with a drawn pistol etc., and that defendant acted in self-defense etc., the court erred in not charging the jury that if there was no specific intent to kill etc., or if the assault was committed with a deadly weapon under circumstances not amounting to an intent to murder, then defendant would only be guilty of aggravated assault.

**2.—Same—Aggravated Assault.**

Where upon trial for assault to murder the court confined the issue of aggravated assault to injury inflicted under the immediate influence of sudden passion by adequate cause and the facts in evidence called for a charge on aggravated assault arising under sub-division 8 article 601 White's Penal Code, there was reversible error.

**3.—Same—Charge of Court—Deadly Weapons—Threatened Attack.**

Where upon trial for assault with intent to murder there was probably no error, in view of the facts together with the charge of the court, that the failure of the court to charge the jury as to the presumption arising from the use of a deadly weapon by the injured party was error, it is the better practice to submit article 676 White's Penal Code where the defendant seeks to justify on the ground of threatened attack by the use of means calculated to produce death or serious bodily injury.

**4.—Same—Evidence—Hearsay.**

Upon trial for assault with intent to murder there was no error in permitting a State's witness to testify to the fact that there was a message delivered to the party injured from the defendant.  This was not hearsay although it occurred out of the presence of the defendant.

. Appeal from the District Court of Shelby.  Tried below before the Hon. S. W. Blount, special judge.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Tom C. Davis,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Without going into a detailed statement of the facts, the testimony shows that the prosecuting witness, Will Blackstock, on the night of the 21st of December, 1906, had given a party at his house to which he had invited the neighborhood generally. Some of the boys attending the party had become a little boisterous. They were reproved by the injured party.  It seems that the appellant took offense at this; some words passed, the appellant went out of the house, and requested that Blackstock come out that he wanted to talk to him about the matter.  They had a conference and Blackstock returned into the house, after requesting appellant not to

come back into the house that night.    In about five minutes thereafter appellant came back into the house when Blackstock seeing him standing up against the wall with his knife in his hand, approached him, some words passed between them when the appellant suddenly struck Blackstock with the knife, the knife striking Blackstock on the left side of the collar-bone, and the next lick on the left side of the shoulder blade.    The appellant then left the house when the party injured drew his gun and fired at the appellant three or four times, pursuing him out of the house into the yard.    The State's testimony was that this was an uncalled for and unprovoked assault, while the testimony on the part of the appellant was that the witness Blackstock was approaching the appellant with a drawn pistol and in a menacing attitude, and that the appellant cut Blackstone in self-defense.    The court submitted the case to the jury on the issue of assault to murder and aggravated assault, on the ground that the assault if fatal might under the evidence have been manslaughter and on self-defense.    The trial resulted in the conviction of the appellant of assault to murder.

Appellant in his motion for new trial complains that the court failed to submit to the jury all the phases of aggravated assault made by the testimony, and that the only issue of aggravated assault submitted by the court to the jury was upon the theory that his mind at the time of the commission of the offense was incapable of cool reflection, and practically directed the jury that if the assault was committed with a deadly weapon, and at the time of the commission of the assault, the mind of the appellant was not disturbed by passion, then he would be guilty of an assault with intent to murder, and failed to instruct the jury the substance of the 7th and 8th grounds of article 601 of White's Penal Code.    We think the facts in this case called for a charge upon aggravated assault upon these grounds of the statute and that the court erred in limiting aggravated assault to the question of passion arising from adequate cause.    We are of opinion that the court erred in not directing the jury that if there was no specific intent to kill and serious bodily injury was inflicted, or if the assault was committed with a deadly weapon, under circumstances not amounting to an intent to murder, then the appellant would only be guilty of aggravated assault.    We think the facts of the case call for such a charge and that the court erred in not submitting these issues.

The vice of this charge is further emphasized by the following paragraph of the court's charge: "If, from the evidence, you are satisfied beyond a reasonable doubt that the defendant, Arthur Henderson, on or about the time charged in the indictment, in the county of Shelby and State of Texas, with a deadly weapon, and with malice aforethought, did assault the said Will Blackstock with intent then and there to kill and murder him, by the means charged in the indictment; and if you are further satisfied by the

evidence beyond a reasonable doubt that said assault (if any was made) was not made under the immediate influence of sudden passion, produced by an adequate cause (as the same is hereafter explained to you) or was not in defense of himself against an unlawful attack, producing a reasonable expectation or fear of death or serious bodily injury, then you will find the defendant guilty of an 'assault with intent to murder,' and so say by your verdict, and assess his punishment at confinement in the penitentiary for a term of not less than two nor more than fifteen years, as you may determine and state in your verdict." Here the court specifically instructed the jury that they could not reduce the offense from murder to manslaughter, unless the injuries were inflicted under the immediate influence of sudden passion produced by adequate cause. This court is of opinion that under the facts of this case as disclosed by the record the court should have submitted to the jury the issue of aggravated assault, arising under subdivision 8, article 601, White's Penal Code.

Counsel complain that the court erred in failing to give article 676, White's Penal Code, which provides: "When a homicide takes place to prevent murder if the weapons or means used by the party attempting, or committing such murder are such as would have been calculated to produce that result, it is to be presumed that the person so using them designed to inflict the injury." We are not prepared to hold, in view of the facts together with the charge of the court, that in this case the omission of the court to charge the jury as to the presumption arising from using a deadly weapon, was error. However, the better practice is to charge this article of the statute whenever the defendant seeks to justify on the ground of threatened attack by the use of means calculated to produce death or serious bodily injury.

The grounds complained of in the appellant's first and second bills of exceptions are to the effect that the court erred in permitting the State to prove by Blackstock that Wade Henderson, brother of the appellant, came to him and informed him that appellant was out at the gate and wanted to see him, the ground of the objection being that said testimony was hearsay and was out of the presence of the defendant. The court qualifies this bill and states that he only permitted the witness to testify to the fact that there was a message delivered to him from the defendant. We think with the qualifications of the trial judge there is an absence of merit in these bills. The other grounds of the motion for new trial need not be considered as they relate to matters which can not arise on another trial of the case.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*